[Civ. No. 3892. First Appellate District, Division Two.—November 17, 1922.]

## H. F. KRAUSKOPF, Respondent, v. A. D. BROOKING, Appellant.

[1] MALICIOUS PROSECUTION — MALICE — WANT OF PROBABLE CAUSE — ADVICE OF COUNSEL—EVIDENCE—FINDINGS.—In this action for damages for malicious prosecution, the evidence was sufficient to support the findings of the trial court to the effect that plaintiff was not guilty of either of the charges preferred against him and that in procuring the warrants of arrest the defendant had acted maliciously and without probable cause; that the defendant had been greatly humiliated and injured in his business and had suffered damage to his good name and reputation; that though defendant had sought advice of counsel he had not made a fair or full or complete statement of all the facts within his knowledge in relation to the crimes charged against plaintiff; and that it was not true that before seeking advice of counsel defendant believed that plaintiff had committed each of the crimes charged against him.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank J. Fontes and Henry Boyen for Appellant.

Milton A. Nathan and Thomas Maul for Respondent.

NOURSE, J.—Plaintiff obtained a judgment for five hundred dollars against the defendant as damages for malicious prosecution. The facts are that the defendant was the owner of a piece of realty in Solano County and plaintiff was his tenant under the terms of a written lease which provided for a division of the products of the ranch, one-third to the owner and two-thirds to the tenant; that in the year 1918, after the harvest, defendant went upon the leased premises to claim his share of the crop and while there discovered some sacks of grain lying in the field covered with straw; that he thereupon complained to plaintiff that he was not receiving his share of the grain, and after some dispute consulted an attorney at law and a justice of the peace;

that, acting upon their advice, he swore to a complaint charging the plaintiff with larceny; that the defendant thereafter consulted another attorney at law and also the district attorney of Solano County, and as a result of said consultation was advised to and did swear to a complaint charging the plaintiff with embezzlement; that the larceny charge was dismissed without examination upon motion of the district attorney, and that the embezzlement charge was heard by a justice of the peace, who found that the crime of embezzlement had not been committed and that there was not sufficient cause to believe the plaintiff herein guilty of said charge. He was thereupon discharged from custody and within time commenced this action for damages for the malicious prosecution.

[1] The trial court found, among other things, that the justice of the peace had, after a full and thorough examination, found and held that the crime of embezzlement had not been committed; that plaintiff was not guilty of either of the charges preferred against him and that in procuring the warrants of arrest the defendant had acted maliciously and without probable cause; that by reason of the premises the plaintiff had been greatly humiliated and injured in his business and had suffered damage to his good name and reputation; that though the defendant had consulted a duly licensed attorney at law and also the district attorney of the county of Solano and the justice of the peace of Vacaville township before causing the arrest of plaintiff on either of said charges, he had not made to either of them a fair or full or complete statement of all the facts within his knowledge in relation to the crimes charged against the plaintiff; and, finally, that it was not true that before seeking the advice of said attorney and of the district attorney and of said justice of the peace defendant believed that plaintiff had committed each of the crimes charged against him.

The appeal from the judgment is confined solely to an attack upon these findings of the trial court. In each case appellant insists that the evidence is insufficient to support the finding. A full and thorough examination of the record convinces us that in each case there is sufficient evidence to support each finding. In some instances the trial court found in accordance with the undisputed and uncontradicted

evidence. In the instances where the findings are based upon conflicting testimony the great weight of the evidence bears most strongly in favor of the findings which the trial court made. It would serve no purpose to set out this evidence in full. From the entire record it is evident that the appellant, actuated by personal malice and ill feeling toward the respondent, caused his arrest without probable cause and with nothing more than a mere suspicion that he had been defrauded. Every opportunity had been given him to check up the grain and to determine for himself whether the respondent had made an honest division, but this he refused to do, choosing rather to put the respondent to the defense of a criminal charge.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.